IN THE UNITED STATES COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2006 OCT 18  A 8:18

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | | |
|---|---|---|
| Karl R. Lentz | ) | |
|    Plaintiff, Pro se | ) | CASE NO. |
| | ) | 2:06CV942-MEF |
| v | ) | |
| | ) | |
| ALABAMA DEPARTMENT | ) | |
| of HUMAN RESOURCES, and | ) | |
| its AGENTS; | ) | APPLICATION FOR AN EXPEDITED |
|    and | ) | TEMPORARY RESTRAINING ORDER |
| JEFFERSON COUNTY | ) | |
| FAMILY COURT, and its | ) | |
| OFFICERS | ) | IN FORMA PAUPERIS |
|    DEFENDANTS | ) | |

**PLAINTIFF'S MOTION FOR AN IMMEDIATE RESTRAINING ORDER**

Pursuant to Federal Rule of Civil Procedure 65(b), and incorporating by

reference paragraphs 17-28 of the Complaint for Declaratory and Injunctive

Relief, filed this date, plaintiff hereby moves this Court to issue a Temporary

Restraining Order.

    First, there is the likelihood that the Plaintiff will prevail on the merits of

the Complaint.

    Secondly, if Relief is not immediately granted, the Plaintiff, and his

children: KPL, KSL and KNL will suffer from irreparable harm caused by the

estrangement - both physically and emotionally from each other, through the
methodical deprivation of the Plaintiffs civil rights by the Defendants for five

years. It is the intention of the Defendants to permit the three year time constraint mandated by the Federal Government, which began 24 October 2003 and will permit the foster care providers to adopt the plaintiff's children on 24 October 2006, in spite of the fact the State Prosecutor, Jonathon Schlenker vigorously attempted to prosecute the plaintiff after five years of investigation and could produce no evidence against the plaintiff and finally had to dismiss the TPR trial on 14 August 2006. This Federal Law/Code does exist; JCDHR told us that the children will be put up for adoption, and will not give us the LAW/CODE on which they are relying, nor a recourse for us to address these egregious policies and kidnaping Under the Color of Law. The JCDHR is hoping that the "clock" will run out and they will not be held accountable for their action(s) and/or inaction(s). My attorney, Brian Huff, is now the Presiding Head of Family Court.

Judge Huff recused himself and requested that another Judge hear this case. We have a few problems with the course of events:

     (1) Judge Huff is acquaintances with the Foster Care providers and promised them custody and then withdrew as my attorney;
     (2) Judge Huff is being supported in his campaign for "JUDGE" by the foster care providers;
     (3)Judge Huff also has business dealings with the foster care providers;
     (2) Judge Huff has requested that any and all petitions and motions submitted to the Clerk of Court in Jefferson County regarding this case, go through his office first. A motion submitted by Alan Summers, Jr on 5 October 2005 for an <u>Immediate Hearing for Custody to the Father</u> based on improprieties that took place in the Court room and at JCDHR, is still sitting on Judge Huff's desk according to his secretary;
     (4) Judge Huff has the power and the motivation to approve of an adoption placement of my children.

     Third, the issuance of a Temporary Restraining Order will not harm the Defendants, however, it will prevent the Defendants from proceeding with seeking an adoption alternative for the above-mentioned children.

LENTZ ___of____

The Plaintiff has exhausted every Administrative and Judicial avenue in an attempt to rectify the transgressions of the illegal and fraudulent activities of the Jefferson County Department of Human Resources and the Jefferson County Family Court system. Through the poor administration of this case, the Defendants clearly violated all policies and procedures of the <u>ALABAMA Code of 1975</u>, <u>RC CONSENT DECREE of 1991</u>, and guidelines found within the <u>ALABAMA ADMINISTRATIVE CODE BOOK, DEPARTMENT of HUMAN RESOURCES, SOCIAL SERVICES DIVISION</u> :

1. Deirdre March and Lisa Brown failed to produce KPL as court-ordered on 3 Dec 2001 for a paternity test and effectively manipulated the Family Court system to ignore said court order until Nov 2003;
2. The sole purpose of this delay was to deny the placement of KPL with his Father or paternal relatives;

3. That the Dependency Hearing of KPL was found on 12 March 2002, and of KSL and KNL on 24 April 2004;

4. That at the 12 March 2002 Hearing, the plaintiff was not represented by an attorney, nor was he afforded the opportunity of a court-appointed attorney, nor did he have access to the "allegations" against him, there was no trial in order for the Court to accept testimony and/or evidence and there is not a transcript or recording of any proceeding of said hearing;

5. That at the 24 April 2004 Hearing, the father was present and was represented by counsel, but was not informed that the hearing was for Dependency, Plaintiff was denied the right to a trial for the taking of testimony and/or evidence, there is not a transcript or recording of any proceeding of said hearing, an Order was entered against the wishes of the father and his attorney, in which neither signed, nor agreed to any of the contents therein;

6. That the Jefferson County Department of Human Resources is in violation of the RC CONSENT DECREE, in that they have failed to inform the parents of their rights, denied the parents any and all access to KPL for two years, failure to inform parents of medical conditions and/or procedures, failed to place children with paternal relatives in a timely manner, falsified court reports, failed

        to follow ISP guidelines, failed to address concerns of natural parents:(foster care parents changed the names of plaintiff's daughters, foster care providers encourage plaintiff's daughters to call them "Mommy" and "Daddy", KPL's failure to thrive - he was 22 pounds for three years, failure to provide sufficient and consistent early intervention programs to KPL, a child with Down Syndrome),refused to provide written documentation 5 days prior to a hearing/trial to the parents, refused to provide natural parents written documentation of ISP's, refused to incorporate concerns of natural parents, paternal grandparents, and paternal aunt into the ISP, intentionally delayed trials and/or hearings to prolong placement, refused to allow the parents to baptize their children in keeping with their Roman Catholic upbringing, etc.....;

7.     That the JCDHR violated the plaintiffs protected due process right by a pattern and practice of criminally editing, falsifying and manipulating court reports and depriving him of any meaningful remedy;

8.     That the court-appointed attorney's failed to aggressively protect the plaintiff's civil rights, failure to inform the plaintiff of his rights, s, Return of Custody, etc. in essence, just failed to perform his/her duties in a professional and ethical manner and, in doing so, conspired with the JCDHR to kidnap the plaintiff's children Under Color of Law;

9.     That these Defendants, through their unconstrained misuse of the Administrative, Executive and Judicial "positions" they embody, directly resulted in malicious fraud, intrinsic fraud, embezzlement and kidnaping.

    WHEREFORE, the plaintiff respectfully requests that this Honorable Court to grant a Temporary Restraining Order against the Defendants to prevent any further irreparable harm and suffering of the father and his children. Furthermore, the father would request any other, further and/or different relief in which he may be entitled, and has not herein requested.
    A proposed Order is attached.

Respectfully submitted on this 18th day of October 2006.

_____
Karl R. Lentz
710 Augusta Farms Road
Waynesboro, VA 22980
678.665.0593

We believe that the foster care family that has our children, that this family also owns a car dealership in Birmingham, Al. My one-time attorney, who is now the head presiding Judge of the Jefferson County family Court, who now has the authority to grant adoptions in his county, had to recuse himself from being my attorney, to then head presiding judge, Sandra Storm, to be relieved from representing me in this family custody case, saying that he would be prejudice against me and my children because he has a personal friendship and business dealings with this foster care family's father, that leads us to believe that now our ex-attorney, who is now the head judge of family court, has an will use his power to grant my children to be adopted immediately to his personal-business friend by hiding behind Federal Code _____ _____ _____???
(We do not know what this code actually is, nobody at DHR or our attorneys will tell us will tell us what this code is, or what code-book we may find this code in. All they will tell us is that according to Federal Law passed by the Congress of the United States, it states, we have three (3) years to get these children out of the foster care family that they were placed in October 24, 2003., or that by a Federal Default Judgement will be granted if the Foster care family motions/petitions the Jefferson County Family Court to grant their request for the children to become their children permanently. By using the Federal Government laws to hide behind, they can claim they were just doing what they were told to do by the Federal Government, for if they did not allow the adoption to go through, the State of Alabama will be brought up on embezzlement charges for misappropriations of foster care providing funds.
 Your "Law", and we wish we knew the exact code to make your job easier, says if the State has a foster care family that is eligible, passes all adoption requirements, that three (3) years after initial intake the foster care family can automatically claim the children as their own., and that there is to be NO APPEALS allowed from the Flesh and Blood Parents to be considered after three years and one day goes by. Even if these children were taken fraudulently/illegally by DHR and the Family Court, that this foster care family are not to suffer but to be allowed to have the children immediately.
 So Your Honor. It's our contention that DHR will blame you and the Federal Government for creating this Law and hurting these children and this family FOREVER.
 For our children to be adopted, this foster care family has had these children promised to them years ago, basically since this foster care family has a car dealership they can provide DHR, the Judges, and Attorneys who help them adopt these children a good deal on an automobile!!!
 Please, We PRAY, to grant us this TRO to "STOP" the Federal three year "Clock" until an investigation can prove if our Civil Rights have been Massively Violated.

 WHEREFORE, the plaintiff respectfully requests that this Honorable Court to grant a Temporary Restraining Order against the Defendants to prevent any further irreparable harm and suffering of the father and his children. Furthermore, the father would request any other, further and/or different relief in which he may be entitled, and has not herein requested.
 A proposed Order is attached.

 Respectfully submitted on this 18th day of October 2006.

_____

Karl R. Lentz

# IN THE UNITED STATES COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| Karl R. Lentz | ) | |
|    Plaintiff, Pro se | ) | CASE NO. |
| | ) |    2:06CV942-MEF |
| v | ) | |
| | ) | |
| **ALABAMA DEPARTMENT** | ) | |
| **of HUMAN RESOURCES, and** | ) | |
| **its AGENTS;** | ) | **HON. JUDGE FULLER** |
|    **and** | ) | |
| **JEFFERSON COUNTY** | ) | |
| **FAMILY COURT, and its** | ) | |
| **OFFICERS** | ) | |
|    **DEFENDANTS** | ) | |

### TEMPORARY RESTRAINING ORDER

    Upon consideration for Plaintiff's Petition for Declaratory Injunction and Plaintiff's Expedited Request for a Temporary Restraining Order on this the _____day of  OCTOBER 2006 ,it  hereby is  ORDERED   that:

1.     The Defendants remand the custody of KPL, KSL and KNL to their FATHER, Karl R. Lentz immediately; and
2.     This Court will determine if the Father is due any other, further and/or different relief in which he may be entitled and, has not herein requested within thirty days for depriving the plaintiff of his civil rights and irreparable harm and undue suffering of the plaintiff, his children and extended family by the action(s) and/or inaction(s) of the Jefferson County Department of Human Resources and the Jefferson County Family Court system Under the Color of Law.

_____
U.S. Middle District Court Judge
