IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KARL RUDOLPH LENTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:06cv942-MEF |
| | ) | |
| ALABAMA STATE BOARD OF | ) | |
| HUMAN RESOURCES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On October 17, 2006, *pro se* plaintiff Karl Rudolph Lentz[1] ("Lentz") filed suit

pursuant to 42 U.S.C. §§ 1983 and 1985 against the following defendants: the Alabama State

Board of Human Resources; Governor Bob Riley; Page Walley, Acting Director of the

Alabama Department of Human Resources; the Alabama Supreme Court; Drayton Nabers,

Jr., Chief Justice of the Alabama Supreme Court; State of Alabama Office of Attorney

General; Troy King, Attorney General of the State of Alabama; Sandra Johnson, Assistant

State Attorney General; Jonathan S. Schlenker, Assistant State Attorney General; William

E. Hereford, Circuit Judge, St. Clair County; Alabama Tenth Judicial Circuit Court; J. Scott

Vowell, Chief Judge, Jefferson County; Alabama Tenth Judicial Circuit Court, Family

Division; Sandra Storm, Chief Judge, Jefferson County; Jefferson County Public Defenders

Office of the Family Court; Brian Huff, Chief Judge, Jefferson County Family Court; Referee

---

[1]  The plaintiff also seeks to proceed on behalf of minor K.P.L.  However, it does not appear that
Lentz is an attorney who could represent the minor in this action.

Judge Andre Sparks; Judge S. Phillip Bahakel; Judge Elise Barclay; Douglas A. Dellaccio, Jr.; Mary Kaye Laumer; Legal Aid Society of Jefferson County;  Sandra Eugene Gregory; Julie Marks; Family Court of Jefferson County Guardian ad Litem Office; Celia Lapidus Nader; Jefferson County Department of Human Resources; Trish Muscolino, Interim Director of the Jefferson County Department of Human Resources ("JCDHR"); Angela Tanveer, Assistant Director, JCDHR; Kim Mashego, Assistant Director, JCDHR; Barbara Galloway, Assistant Director, JCDHR; Tenisha Felton; Deirdre March; Lisa Brown; Anita Scott-Smith; Karen Bazinet; Tracie Curry; Terry Beasley; Beth Schaefer; Dr. Guffy; Margaret Mangina; and Sarah Faull.

It appears from his complaint that Lentz' allegations stem from several years of unsuccessful litigation in the state courts of Alabama involving the custody of his minor children.  Specifically, Lentz alleges that he has been the victim of a conspiracy and denied due process in violation of his constitutional rights, as enforced through 42 U.S.C. §§ 1983 and 1985.  He seek declaratory and injunctive relief as well as damages.  In particular, it appears that he seeks to have this court award him custody of his children.  It further appears that the plaintiff is attempting to invoke the court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Because federal courts are courts of limited jurisdiction, it is a basic premise of federal court practice that the court must have jurisdiction over the subject matter of the action before it can act.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994);

*Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their jurisdiction at the earliest possible point in the proceeding. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). In addition, FED R. CIV. P. 12(h)(3) requires that "[w]herever it appears . . . that the court lacks jurisdiction, the court shall dismiss the action." This court operates under an independent obligation to examine its own jurisdiction continues at each stage of the proceedings, even if no party raises the jurisdictional issues and both parties are prepared to concede it. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990). "It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings." *See* 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure 3522 (1975).

Lentz argues that the state courts violated his constitutional rights during proceedings related to the custody of his children. It appears that he seeks declaratory and injunctive relief for adverse rulings issued by the state courts in the aforementioned proceedings. "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, ____ U.S. ____, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it

remains applicable to bar [Lentz] from proceeding before this court with respect to his challenge to state court decisions as this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 125 S.Ct. at 1201. Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (section 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

It appears to the court that, based on the *Rooker-Feldman* doctrine, it does not have subject matter jurisdiction over the plaintiff's claims. Although presented to this court as independent claims for denial of due process in violation of the Fourteenth Amendment – causes of action which are indisputably within the scope of this court's federal question jurisdiction – Lentz's allegations against the defendants appear to be essentially a request for this court to collaterally review the actions and judgments of the Jefferson County Family Court. Thus, it appears that these federal claims are inextricably intertwined with state court judgments because the success of plaintiff's federal claims depends on a determination that the state court wrongly decided the cases before it. Simply put, the court cannot resolve the issues presented without conducting what would be tantamount to a *de novo* review of the judgments of the state court. The possibility for this type of review is precisely the type of

situation which is forbidden by the *Rooker-Feldman* doctrine. Consequently, on the face of the complaint, it does not appear that this court has jurisdiction over this matter because the *Rooker-Feldman* applies to all the allegations of the plaintiff's complaint and divests this court of subject matter jurisdiction.

According, it is

ORDERED that on or before November 13, 2006, the plaintiff shall show cause why this case should not be dismissed for lack of subject matter jurisdiction. **The plaintiff is advised that if he fails to respond to respond to this order with specificity, the court will treat his failure to respond as an abandonment of the claims set forth in the complaint. The plaintiff is further cautioned that if he fail to file a response in accordance with the directives of this order, the court will recommend that this case be dismissed.**

Done this 26th day of October, 2006.


_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE