IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KARL RUDOLPH LENTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06cv942-MEF |
| ) | |
| ALABAMA STATE BOARD OF ) | |
| HUMAN RESOURCES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

RECOMMENDATION OF THE MAGISTRATE JUDGE

This 42 U.S.C. § 1983 case was filed on October 17, 2006. The plaintiff challenges actions of state and local officials as well as state courts contending that his constitutional rights were violated by the challenged actions. The plaintiff's motion for a temporary restraining order was denied. Thereafter, the court, observing its duty to inquire into its jurisdiction, entered an order requiring the plaintiff to show cause why the case should not be dismissed for want of jurisdiction. The plaintiff has filed his response (doc. # 7).

Upon review of the allegations presented in the complaint and the plaintiff's response to the order of the court, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

A civil action seeking relief under 42 U.S.C. § 1983 "may be brought only in (1) a

---

[1] Thus, the court makes no determination about its jurisdiction at this time notwithstanding that with respect to many defendants and claims, it is obvious that a federal court lacks jurisdiction.

judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). However, the law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

The majority of the defendants reside in the Northern District of Alabama. Although by virtue of their positions in the government of the State of Alabama several of the defendants reside in the Middle District of Alabama, they are subject to service of process throughout the state and commonly defend suits in all federal courts of this state. It is likewise clear from the plaintiff's recitation of facts that only officials in Jefferson County, Alabama are personally involved in the alleged constitutional violations made the basis for the instant complaint. Moreover, the actions about which Lentz complains are occurring within the jurisdiction of the Northern District of Alabama. Thus, it is clear that the majority of witnesses and evidence associated with this case are located in the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case

be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404. It is further

ORDERED that on or before December 20, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982). See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982). See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of December, 2006.

                                        /s/Charles S. Coody
                                        CHARLES S. COODY
                                        CHIEF UNITED STATES MAGISTRATE JUDGE